**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Nicholas Bramley**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Desert Pool Tech LLC**, an Arizona limited liability company; and **John Hinton and Mallory Hinton**, a married couple, | |
| Defendants. | |

Plaintiff, Nicholas Bramley ("Plaintiff" or "Nicholas Bramley"), sues the Defendants, Desert Pool Tech LLC, and John Hinton and Mallory Hinton ("Defendants" or "Desert Pool Tech") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum wages under the Arizona

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5. Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12. At all material times, Defendant Desert Pool Tech LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Desert Pool Tech LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13. At all relevant times, Defendant Desert Pool Tech LLC owned and operated as "Desert Pool Tech," a commercial swimming pool repair and maintenance company doing business in Maricopa County, Arizona.

14. Under the FLSA, Defendant Desert Pool Tech LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Desert Pool Tech LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Desert Pool Tech's employees, Defendant Desert Pool Tech LLC is subject to liability under the FLSA.

15. Defendants John Hinton and Mallory Hinton are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants John Hinton and Mallory Hinton are owners of Desert Pool Tech and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants John Hinton and Mallory Hinton are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants John Hinton and Mallory Hinton had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Desert Pool Tech's employees, Defendants John Hinton and Mallory Hinton are subject to individual liability under the FLSA.

17. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

31. Defendants own and/or operate as Desert Pool Tech, a commercial swimming pool repair and maintenance company doing business in Maricopa County, Arizona.

32. In or around June 2022, Plaintiff began working for Defendants as a repair technician, performing swimming pool repair- and cleaning-related manual labor.

33. Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $20.

34. Plaintiff, in his work for Defendants, was compensated at an hourly rate of $20, regardless of the number of hours he worked in a given workweek.

35. Plaintiff, in his work for Defendants, was compensated at an hourly rate of $20, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

36. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

37. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

38. Defendants controlled Plaintiff's schedules.

39. At all relevant times, Plaintiff was economically dependent on Defendants.

40. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants set Plaintiff's work schedule;

    c. Defendants set Plaintiff's rate of pay;

    d. Defendants supervised Plaintiff and subjected him to Defendants' rules;

    e. Plaintiff had no opportunity for profit or loss in the business;

    f. The services rendered by Plaintiff in his work for Defendants were integral to Defendants' business;

    g. Plaintiff was hired to work a non-specific duration for Defendants, working nearly a year and a half straight for Defendants;

    h. Plaintiff had no right to refuse work assigned to him by Defendants;

41. Plaintiff worked for Defendants through approximately September 12, 2023.

42. During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 50 and 60 hours per workweek.

43. Plaintiff, in his work for Defendants, was generally paid on a biweekly basis.

44. In his final two-workweek pay period, Plaintiff worked approximately 60 hours each workweek.

45. Defendants did not compensate Plaintiff any wages whatsoever for his final two-workweek pay period of employment with Defendants.

46. Shortly after he left his employment with Defendants, Plaintiff requested his final paycheck.

47. In response, Defendant John Hinton stated that he would not pay Plaintiff his final paycheck because of certain monies that Plaintiff allegedly owed him.

48. At all relevant times, Plaintiff was never paid for the final two-workweek pay period he worked for Defendants.

49. Defendants did not pay Plaintiff any wage whatsoever for the time he spent working during his final two-workweek pay period.

50. As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in his final two-workweek pay period.

51. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

52. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

53. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

54. Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

55. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

56. During the time that Plaintiff worked for Defendants, Plaintiff often worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

57. At all relevant times, Plaintiff worked approximately between ten (10) and twenty (20) hours of overtime per week.

58. To date, Defendants still have paid none of the wages due and owing to Plaintiff for his final two-workweek pay period.

59. To date, Defendants still have paid none of the overtime wages dur and owing to Plaintiff for his entire employment with Defendants.

60. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

61. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

62. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

63. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

64. Plaintiff is a covered employee within the meaning of the FLSA.

65. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

66. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

67. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

68. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

71. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

72. As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

73. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

74. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

75. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

76. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be

proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Nicholas Bramley, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. As a result of failing to compensate Plaintiff any wages whatsoever for the final two-workweek pay period of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

79. As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of 29 U.S.C. § 206.

80. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

81. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicholas Bramley, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. As a result of failing to compensate Plaintiff any wages whatsoever for the final two-workweek pay period of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

84. As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of A.R.S. § 23-363.

85. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

86. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicholas Bramley, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the AMWA, ARS § 23-363, by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT CONSTRUCTION DESERT POOL TECH LLC, ONLY**

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88. As a result of the allegations contained herein, Defendant Desert Pool Tech LLC did not compensate Plaintiff wages due and owing to him.

89. Defendant Desert Pool Tech LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

90. Defendant Desert Pool Tech LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

91. Defendant Desert Pool Tech LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

92. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant Desert Pool Tech LLC.

93. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Nicholas Bramley, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Desert Pool Tech LLC:

A. For the Court to declare and find that the Defendant Desert Pool Tech LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 30th day of November, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

# **VERIFICATION**

Plaintiff, Nicholas Bramley, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Nicholas Bramley (Nov 30, 2023 16:17 MST)
Nicholas Bramley